UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**CLINT TALBOT**                               **CASE NO.  2:24-CV-01010**

**VERSUS**                                     **JUDGE JAMES D. CAIN, JR.**

**AMERICAN SECURITY INSURANCE CO**             **MAGISTRATE JUDGE LEBLANC**

### MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" (Doc. 12) filed by American Security Insurance Company ("American Security"). American Security moves to dismiss Plaintiff, Clint Talbot's property damage insurance claim because he is not an insured, additional insured, or third-party beneficiary under the Residential Dwelling Certificate (the "policy") issued by American Security, and as such lacks standing.

### FACTUAL STATEMENT

On or about December 29, 2021, Plaintiff's property sustained damage caused by a water leak.[1] During the relevant time period, the property was owned by Plaintiff and insured by American Security as a lender placed policy at Plaintiff's expense. The property was mortgaged to Lakeview Loan Servicing, LLC ("Lakeview"), and Lakeview was the Named Insured on the Declaration's Page.[2] Plaintiff, Clint Jesuitt Talbot was named as the Borrower.

---

[1] Doc. 1-1, ¶ 7.
[2] Doc. 1-2, p.7.

## S**UMMARY** J**UDGMENT** S**TANDARD**

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material

fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

American Security maintains that Plaintiff lacks standing because he is not named in the policy as an insured or additional insured, nor is he a third-party beneficiary. Plaintiff asserts that American Security's position is at odds with how it adjusted the loss and issued payments on Plaintiff's claims.

Plaintiff maintains that he is a third-party beneficiary because American Security has made him a payee (along with American Security and Plaintiff's law firm) on checks issued for payment and because of certain language in the policy. Specifically, Plaintiff relies on the following language in an Endorsement:

> It is understood and agreed that throughout this Certificate **you** and **your** refer to the financial institution as **named insured** and the **borrower** shown in the Declarations.[3]

Plaintiff argues that this Endorsement changes the language of the policy by including the borrower in the definition of "**you** and **your**"**.** In other words, the original policy language defined "**you** and **your**" to include the financial institution, whereas the Endorsement includes both the financial institution and the borrower. Therefore, Plaintiff suggests that when "**you** and **your**" are referred to in the policy, it includes the borrower and thus conveys rights and obligations to the Plaintiff. Plaintiff posits that the policy manifests a clear intention to benefit him as the third-party beneficiary, which meets the

---

[3] Policy, doc. 1-2, p. 22.

most basic requirement of a stipulation *pour aurtui*. To buttress his position, Plaintiff informs the Court that American Security has already paid him on more than one occasion. Thus, American Security's interpretation of its own policy language, through its conduct, is that Plaintiff is a direct beneficiary of the coverage it afforded through his lender.

In addition, Plaintiff relies on the cover letter from Lakeview, which contains the following reference as part of the policy:

> The hazard insurance we obtained may provide benefits to you, but is primarily for the benefit of the person or company who presently owns your mortgage loan. If you incur property damage or loss, you may not have adequate coverage for any damages that you suffer because the person or company that owns your loan will be paid first.[4]

Plaintiff argues that this language also indicates that he is a residual beneficiary. Finally, Plaintiff directs the Court to the Loss Settlement provision in the policy and another Endorsement that changed the policy:

> 5. **Loss Settlement**, paragraph **b.** is replaced by the following:
> **b.** Buildings under Coverage A or B at replacement cost without deduction for depreciation, subject to the following;
>
> **We** will pay the costs to repair or replace, after application of any deductible and without deduction for depreciation, but not more than the least of the following amounts:
> **(1)** The Limit of Liability under this Certificate that applies to the **residential property;**
> **(2)** The replacement cost of that part of the **residential property** damaged with material of like kind and quality; or
> **(3)** The necessary amount actually spent to repair or replace the damaged **residential property.**[5]

---

[4] Doc. 1-2, p. 2.
[5] *Id.*

Plaintiff remarks that this Endorsement removes bullet point (4), which read, "(4) The **net loan balance** at the time of the loss." As such, Plaintiff argues that the policy language was expressly changed to include a benefit to Plaintiff because it removed the least amount American Security would pay (the net loan balance).

In a diversity case, Louisiana courts will apply the substantive law of Louisiana. *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 181 (5th Cir. 2009). The Louisiana civil code expressly permits stipulations *pour autrui*, providing that "[a] contracting party may stipulate a benefit for a third person called a third-party beneficiary." La. Civ. Code art. 1978; see also *Andrepont v. Acadia Drilling Co.*, 231 So.2d 347, 357 (La. 1969) ("[S]tipulations in favor of third persons . . . are favored in" Louisiana and "are specifically authorized in broad terms.").

The Louisiana Supreme Court has articulated three criteria that determine whether a contract benefits a third party: "1) the stipulation for a third party is manifestly clear; 2) there is certainty as to the benefit provided the third party; and 3) the benefit is not a mere incident of the contract between the promisor and the promise." *Joseph v. Hosp. Serv. Dist. No. 2 of Parish of St. Mary,* 939 So. 2d 1206, 1212 (La. 2006). *"*Each contract must be evaluated on its own terms and conditions" and "[t]he party claiming the benefit bears the burden of proof." *Id*. "A stipulation pour autrui is never presumed." *Id.* "The most basic requirement of a stipulation *pour autrui* is that the contract manifest a clear intention to benefit the third party." *Lee v. Safeco Ins. Co. of Am.*, No. 08-1100, 2008 WL 2622997, at *4 (E.D. La. July 2, 2008) (quoting *Joseph,* 939 So. 2d at 1212).

American Security first notes that one of the checks, dated February 12, 2025, made payable to Lakeview and Plaintiff, is for Plaintiff's Hurricane Delta claim, and thus has no relevancy here. Additionally, American Security argues that the fact that it made one check payable to both Lakeview and Plaintiff is not enough to change the clear policy language to make Plaintiff a third-party beneficiary of the policy.

Next, American Security contends that Endorsement 1 does not convey rights and obligations to Plaintiff, but in context, only requires Plaintiff as the borrower, to report any claim to American Security, keep an accurate record of repair expenses, and provide access to the insured property, all of which is to protect American Security's interest in the property due to the mortgage. American Security argues that the imposition of these duties/obligations on Plaintiff does not convert the borrower into a named insured, additional insured, or a third-party beneficiary of the insurance contract. See *Johnson v. Am. §. Ins. Co.*, 650 F.Supp.3d 483, 489 (E.D. La. 2023); *Graphia v. Balboa Ins. Co.*, 517 F.Supp.2d 854, 858 (E.D. La. 2007); *Joseph*, 939 So.2d at 1214.

The policy provides the following as to whom "Loss Payment" is made:

**12. Loss Payment.**
  **a. We** will initiate loss adjustment of a claim with the **named insured:**

  \* \* \*

  **b. We** will make written offer to the **named insured . . .**

  \* \* \*

  **c.** Loss will be made payable to the **named insured.** . . . [6]

---

[6] Policy Endorsement 1, p. 1 Doc. 1-2.

Regarding whom is to get paid under the policy, there is no reference to a "you and your," instead the policy language expressly names the "named insured" as to who will benefit under the policy, the named insured—American Security. Plaintiff's reliance on the change in definition of "you and your" to clearly manifest an intent to make Plaintiff a third-party beneficiary is misplaced. The clear language of the policy demonstrates that American Security is interested only in protecting its interest in the mortgaged property. Furthermore, Plaintiff's duties under the policy do not convert Plaintiff into a named insured, an additional insured, or a third-party beneficiary of the insurance policy.

## CONCLUSION

For the reasons explained herein, because the policy does not make "manifestly clear" that a benefit is owed to Plaintiff, but expressly provides that "[l]oss will be made payable to the named insured," the Court will grant the Motion for Summary Judgment (Doc. 12) filed by American Security Insurance Company and dismiss Plaintiff's claims with prejudice for lack of standing.

**THUS DONE AND SIGNED** in Chambers on this 11th day of April, 2025.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**